UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re

B&N PROPERTIES, LLC,

                Debtor.

Elmar Associates, LLC, Central Equities Credit          **MEMORANDUM & ORDER**
Corp., B&N Properties, LLC,                                        17-CV-3929(PKC)

                Appellants,

       - against-

Henry Gutman, Yaffa Gutman, Nina Feig,
Levrocho Equities, LLC, and Moritt Hock
& Hamroff LLP,

                Appellees.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

       Appellants Elmar Associates, LLC ("Elmar"), Central Equities Credit Corporation, Inc. ("Central"), and B&N Properties, LLC appeal the June 20, 2017 order of the United States Bankruptcy Court of the Eastern District of New York denying Appellants' joint motion to reopen Debtor-Appellant B&N Properties's Chapter 11 bankruptcy case. This appeal is unopposed. For the reasons stated herein, the Order of the Bankruptcy Court is affirmed.

## BACKGROUND

       The Court assumes the parties' familiarity with the facts in this case and thus recites them only to the extent relevant to the Court's analysis.

       On March 17, 2003, Debtor-Appellant B&N Properties filed a voluntary Chapter 11 petition for bankruptcy. (Appellants' Brief, Dkt. 3, at 7.)[1] As part of the proceedings, Debtor-

---

[1] All page numbers refer to the pagination generated by the CM/ECF system and not the document's internal pagination.

Appellant's real property was sold at auction for approximately $6.4 million (the "Liquidated Assets"). (*Id.*) On August 10, 2004, the Office of the United States Trustee filed a motion to dismiss the case. On September 22, 2004, an order granting the Motion to Dismiss was entered, but it also imposed continuing conditions and obligations on the debtor and creditors with respect to the Liquidated Assets. (*Id.*) Specifically, the Court ordered that Appellee Moritt Hock & Hamroff LLP ("Moritt Firm") was to keep the Liquidated Assets in an escrow account,

> except upon the occurrence of either of the following events: (i) service upon the Moritt Firm of notice of entry of a final and non appealable order by a Court of competent jurisdiction directing the disbursement of money from the Account, provided that entry of that Order and presentment of that Order to the Moritt Firm is on notice to Elmar and its counsel, the HG Entities and their counsel,[2] [Aryeh Gutman], Perry Lerner and the Tov Trust and their counsel, Central and its counsel, [Zalman] Klein and his counsel (collectively the "Parties in Interest"); or (ii) a Stipulation of Settlement, or some other form of consensual agreement executed by all of the Parties in Interest . . . .

(Dkt. 2, at 16.) In March 2016, a Stipulation of Settlement was fully executed between Appellants B&N Properties, Elmar, and Central in a separate action that provided "for the distribution of the Liquidated Assets to B&N's senior creditors, Elmar and Central." (Dkt. 3, at 9.)

On April 10, 2017, Appellants moved to reopen the Chapter 11 case pursuant to 11 U.S.C. § 350(b), "for the limited purpose of authorizing the release of the Escrow created by the [Court's] order], and the disbursing of the Liquidated Assets in accordance with the [Court's] Order and the Elmar/Central/B&N Settlement." (*Id.*) On June 20, 2017, the Bankruptcy Court denied Appellants' motion, finding that Section 350(b) "applies to cases that were fully administered pursuant to 11 U.S.C. § 350(a), and does not apply to dismissed cases." (*Id.* at 18.) The Court further noted that to "obtain relief in the dismissed case, the Movants must seek relief from the Dismissal Order pursuant to Rule 60 of the Federal Rules of Civil Procedure" or seek a final and

---

[2] The "HG Entities" refers collectively to Appellees Henry and Yaffa Gutman, Nina Feig, and Levrocho Equities. (Dkt. 2, at 14.)

2

non appealable order "by a court of competent jurisdiction other than the Bankruptcy Court[.]" (*Id.* at 18-19.) Appellants appeal from that order.

## STANDARD OF REVIEW

A court's decision on a motion to reopen a bankruptcy case pursuant to 11 U.S.C. § 350(b) is reviewed under an abuse of discretion standard. *In re Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996).

## DISCUSSION

As an initial matter, Appellants claim that the Court abused its discretion in refusing to reopen the Chapter 11 case pursuant to 11 U.S.C. § 350(b). (Dkt. 3, at 10-11.) The Court rejects this argument. Abuse of discretion requires an "error of law" or a decision that "cannot be located within the range of permissible decisions." *Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009) (internal citation and quotation marks omitted). As Appellants themselves admit, "generally, reopening of a case pursuant to Bankruptcy Code § 350(b) does not apply if the case has been dismissed." (Dkt. 3, at 10); *see also In re Critical Care Support Servs.*, 236 B.R. 137, 140-41 (E.D.N.Y. 1999) ("[B]ecause [debtor's] bankruptcy petition was dismissed, as opposed to 'closed' within the meaning of 11 U.S.C. § 350(a), Section 350(b) was not even implicated."). Therefore, by Appellants' own admission, the Bankruptcy Court did not abuse its discretion.

Next, Appellants argue that the Bankruptcy Court abused its discretion by "refusing to exercise its inherent authority to enforce an order of the Bankruptcy Court." (Dkt. 3, at 11-13.) This argument is rejected for two reasons. First, as a practical matter, it is unclear how a Bankruptcy Court can abuse its discretion simply by choosing not to exercise authority that is, by its nature, discretionary. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (defining "inherent

3

power" as power "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Second, here, the Bankruptcy Court properly exercised its "inherent" authority to enforce its own orders by denying Appellants' motion to reopen this bankruptcy case; indeed, the denial was necessary to *protect* the Bankruptcy Court's prior Dismissal Order. As the Bankruptcy Court stated in its Order, Appellants have the option of obtaining relief under Fed. R. Civ. P. 60. (Dkt. 3, at 18.) "[A] motion to 'reopen' a bankruptcy case that has been dismissed is in reality a motion for relief from the order dismissing the case pursuant to Federal Rule of Civil Procedure 60, made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024."[3] *In re Cole*, 382 B.R. 20, 24 (Bankr. E.D.N.Y. 2008) (citation omitted). Nonetheless, Appellants argue that a Rule 60 motion "does not provide a mechanism to accomplish what is needed" because "Appellants do not seek to vacate or obtain relief from the [Court's] Order. Appellants seek to enforce and effectuate the [Court's] Order to permit distribution of the Liquidated Assets." (Dkt. 3, at 13.) This argument is unavailing. Contrary to their assertions, Appellants are, in fact, attempting to obtain relief from the Bankruptcy Court's requirement that if there is a stipulation to release the Liquidated Assets, it must be "a Stipulation of Settlement . . . executed *by all of the Parties in Interest*", which includes Appellees. (*Id.* at 18 (emphasis added).) Instead, Appellants seek to use a Stipulation of Settlement signed only by Appellants, who constitute only two of the ten Parties in Interest to satisfy the requirement imposed by the Bankruptcy Court that "all of the Parties in Interest", as identified in the Dismissal Order, sign onto the stipulation before the money can be

---

[3] Under Rule 60, the moving party must demonstrate "exceptional circumstances" upon which a court "may relieve a party or its legal representative from a final judgment, order, or proceeding." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (quoting Fed. R. Civ. P. 60).

released from escrow. (*Id.* at 15; Dkt. 2, at 16.)[4] In fact, *none* of the Appellees—all of whom are "Parties in Interest"—have signed Appellants' Stipulation of Settlement. (Dkt. 2, at 117-18.) Therefore, given that Appellants' motion to reopen is, in reality, a motion to set aside a condition of the Bankruptcy Court's Dismissal Order, that motion must be brought under Fed. R. Civ. P. 60(b). *See In re Critical Care*, 236 B.R. at 140.

## CONCLUSION

For the reasons stated above, the June 20, 2017 order of the Bankruptcy Court is affirmed. The Clerk of Court is respectfully requested to enter judgment and close this case accordingly.

SO ORDERED.

/s/Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: December 4, 2017
      Brooklyn, New York

---

[4] Appellee Moritt Firm has stated that it would release the Liquidated Assets once "the provisions of the Dismissal Order authorizing the release of Escrowed Funds have been satisfied." (Dkt. 2, at 117.)